IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Nutrien Ag Solutions, Inc., | 2:26-cv-01582-DCN |
| Plaintiff, | |
| vs. | COMPLAINT |
| Nikolas McArthur, | Commercial Collection |
| Defendant. | (Non-Jury) |

Plaintiff, Nutrien Ag Solutions, Inc., complaining of Defendant, Nikolas McArthur, alleges:

**JURISDICTION AND VENUE**

1.     Plaintiff is a corporation organized and existing under the laws of the State of Delaware, with authority pursuant to S.C. Code § 33-15-101(b)(8) to transact business in South Carolina. Plaintiff's principal place of business is in Colorado.

2.     Plaintiff is a provider of crop inputs and agricultural services for farmers.

3.     Defendant, Nikolas McArthur, is a citizen and resident of Clarendon County, South Carolina.

4.     A substantial part of the events or omissions giving rise to this claim occurred in Clarendon County, South Carolina. Defendant regularly does business in Clarendon County. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.     The court has subject-matter jurisdiction over this case under 28 USC § 1332(a) inasmuch as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

1

#18109991.1

6.     Venue is proper under 28 USC § 1391(b)(1) and (2) because Defendant resides in this district and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

7.     Pursuant to 28 USC § 121(1), this action is properly assignable to the Charleston Division of the United States District Court for the District of South Carolina.

8.     Defendant is an experienced farmer, having farmed since 2018.

9.     For several years, Plaintiff and Defendant had a business relationship whereby Plaintiff provided services to Defendant and also sold him agricultural inputs such as seed, fertilizer, soil supplements, insecticide, fungicide, and herbicide.

## FOR A FIRST CLAIM FOR RELIEF
(Suit on Account)

10.     All paragraphs above are incorporated by reference.

11.     On January 30, 2023, Defendant executed and delivered to Plaintiff a Credit Application – Credit Agreement (the "Credit Agreement") wherein he agreed to certain terms for the credit sale of fertilizer, chemicals, seed and related products and services from Plaintiff on credit on an open account. A copy of the Credit Agreement is attached as **Exhibit A** and incorporated herein by reference**.**

12.     In fact, Defendant bought goods and services on credit pursuant to the Credit Agreement and to the terms and conditions stated on invoices issued for specific purchases. A typical invoice showing those terms and conditions is attached as **Exhibit B**. The terms set forth in the Credit Agreement and in the Invoices are referred to collectively as the "Agreement."

13.     Under the terms of the Agreement, Defendant also agreed that any invoice not paid in full on or before the due date would be assessed a finance charge of 1.5% per month (18% APR)

2

and that the finance charges would be computed as of Plaintiff's accounting month-end closing and each succeeding month end until the balance was paid in full.

14.    Defendant also agreed that his failure to make any payment to Plaintiff as and when due would constitute a default under the Agreement. Defendant also agreed that upon default, Plaintiff may declare all credit obligations to be immediately due and payable without presentment, demand, or notice of nonperformance, notice of protest, notice of dishonor, or notice of intent to accelerate. Defendant further agreed to pay all reasonable costs and expenses of every kind incurred by Plaintiff in connection with the collection of Defendant's credit obligations to Nutrien, including without limitation, reasonable attorneys' fees and court costs.

15.    Based on the Agreement, Plaintiff extended credit to Defendant.

16.    Defendant purchased goods and services from Plaintiff yet failed to pay for them.

16.    Defendant failed to pay his account as required by the Agreement, Defendant has breached the terms and conditions thereof, and Plaintiff has declared all of Defendant's credit obligations to be immediately due and payable.

17.    Plaintiff changed its accounting system in October 2025. The balance due on Defendant's account on September 30, 2025, was $159,928.99, as shown on the AR Ledger attached as **Exhibit C**. After that date, Defendant made payments and incurred charges as follows:

| | |
|---|---|
| 10/31/2025 | Finance charges of $1993.48 |
| 10/31/2025 | Payment of $5000.00 |
| 11/30/2025 | Finance charges of $1929.22 |
| 11/5/2025 | Purchase of $5000.00 |
| 11/5/2025 | Payment of $5000.00 |
| 12/31/2025 | Finance charges of $1993.48 |
| 1/31/2026 | Finance charges of $1993.48 |
| 2/12/2026 | Payment of $25,000.00 |

#18109991.1

18.     There is due on Defendant's account as of February 12, 2026 the sum of One Hundred Thirty-five Thousand Eight Hundred Forty-five and 17/100 ($135,845.17) Dollars plus reasonable attorneys' fees and costs of collection. A verified statement of account (in the form of the Unsworn Declaration of Jeff Cochran Under Penalty of Perjury) is attached hereto as **Exhibit D** and made a part hereof by reference.

19.     Plaintiff is informed and believes it is entitled to judgment against Defendant in the sum of One Hundred Thirty-five Thousand Eight Hundred Forty-five and 17/100 ($135,845.17) Dollars as of February 12, 2026, with interest accruing thereon at the rate of 18% per annum, plus reasonable attorneys' fees and costs.

### FOR A SECOND CLAIM FOR RELIEF
(Quantum Meruit)

20.     Paragraphs 1 – 19 are incorporated herein by reference.

21.     The purchases made by Defendant were for his use, enjoyment, benefit, business, and financial gain.

22.     Defendant enjoyed and recognized the benefit of his purchases in his farming operation.

23.     Defendant should not be allowed to retain that benefit after failing to pay for those purchases.

24.     Plaintiff is informed and believes it is entitled to judgment against Defendant in the sum of One Hundred Thirty-five Thousand Eight Hundred Forty-five and 17/100 ($135,845.17) Dollars as of February 12, 2026, with pre-judgment interest accruing at the federal rate, plus court costs.

WHEREFORE Plaintiff prays for judgment against Defendant under the First Claim for Relief in the sum of One Hundred Thirty-five Thousand Eight Hundred Forty-five and 17/100

4

($135,845.17) Dollars as of February 12, 2026, with interest accruing thereon at the rate of 18% per annum, plus reasonable attorneys' fees and costs; and, in the alternative,

Plaintiff prays for judgment against Defendant under the Second Claim for Relief in the sum of One Hundred Thirty-five Thousand Eight Hundred Forty-five and 17/100 ($135,845.17) Dollars as of February 12, 2026, with prejudgment interest accruing thereon at the federal rate; and in either event,

Plaintiff prays for such other and further relief as is just and proper.

/s/ *Robert P. Wood*
Robert P. Wood (#4738)
Rogers Townsend, LLC
1221 Main Street, 14th Floor (29201)
Post Office Box 100200
Columbia, SC 29210
(803) 771-7900
robert.wood@rogerstownsend.com

ATTORNEY FOR PLAINTIFF, NUTRIEN AG
SOLUTIONS, INC.

April 15, 2026.

5

#18109991.1